Matter of Garland v New York City Dept. of Corr. (2022 NY Slip Op 02468)

Matter of Garland v New York City Dept. of Corr.

2022 NY Slip Op 02468

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533107
[*1]In the Matter of the Claim of Veronica Garland, Appellant,
v
New York City Department of Corrections, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Rella & Associates, PC, Sleepy Hollow (Alexander S. Ankier of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Emma Semerad of counsel), for New York City Department of Corrections, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed November 2, 2020, which ruled that claimant is not entitled to a schedule loss of use award.
Claimant, a correction officer, has an established claim for work-related injuries to her back, both shoulders, right elbow, right wrist, right knee and right foot, stemming from an incident in 2011. Claimant also has an established claim for injuries sustained in 2009 to her back, right elbow and right shoulder, for which she was found in 2015 to have a 22.5% schedule loss of use (hereinafter SLU) of her right arm. The 2011 claim has been the subject of protracted litigation regarding permanency, loss of wage-earning capacity and claimant's entitlement to an SLU award or a nonschedule award for her permanent partial disability classification. Adrian Cristian, who was appointed in 2015 as an impartial specialist, examined claimant and submitted a report regarding SLU. As relevant here, the Workers' Compensation Board found, in an April 2017 decision, that claimant had ongoing injuries that were amenable to a nonschedule classification but that she was not yet entitled to an indemnity award given her return to work at full wages. Thereafter, further permanency opinions were submitted.
In a June 2018 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) reviewed the medical reports to date and reinstated a finding that, as a result of claimant's permanent partial disability, she had a 60% loss of wage-earning capacity; no appeal was filed from that decision. The Board subsequently issued a decision in May 2019, holding that claimant was not entitled to an SLU award for her permanent partial disability although she had returned to work at preinjury wages and was not entitled to a nonschedule award. As pertinent here, claimant moved to reopen her case following our decision in Matter of Arias v City of New York (182 AD3d 170, 174 [2020]), which held that, where a worker sustains both schedule and nonschedule injuries in the same accident and no initial award is made based upon the injured worker's nonschedule classification, the worker may be entitled to an SLU award for permanent partial impairments to statutorily enumerated body parts (id.; see Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1290 [2018], lv dismissed 32 NY3d 1197 [2019]; Workers' Comp Bd Release Subject No. 046-1211 [March 13, 2020]).
In a July 2020 decision, a WCLJ recognized that, under Matter of Arias, claimant could be entitled to receive an SLU award given that no initial award was made for her nonschedule classification. The WCLJ considered the report of the self-insured employer's medical examiner, Thomas Patrick Nipper, who opined that claimant's total SLU of her right arm was 20% and that she had no SLU to her other injured sites and no permanency with regard to her back. Relying on that opinion, the WCLJ found that claimant did not establish any increase in her loss of use of her right arm [*2]beyond the 22.5% SLU on her 2009 claim, nor any permanency to her other extremities. Claimant appeals from the Board's decision affirming the July 2020 decision.
Claimant's sole contention on appeal is that the WCLJ and the Board were precluded from crediting Nipper's medical opinion regarding the degree of SLU of claimant's right arm, as the issue of the credibility of medical opinions was previously decided in the WCLJ's June 2018 decision finding a loss of wage-earning capacity. "[T]he Board is vested with the discretion to resolve conflicting medical opinions" (Matter of Nasir v BJ's Wholesale Club, Inc., 189 AD3d 1951, 1953 [2020]; see Matter of Olaya v United Parcel Serv., Inc., 176 AD3d 1266, 1270 [2019]) and is not bound by prior credibility determinations made by a WCLJ (see Matter of Hughes v World Trade Ctr. Volunteer Fund, 166 AD3d 1279, 1281 [2018]; Matter of Jones v New York State Dept. of Correction, 35 AD3d 1025, 1025 [2006]). Further, the WCLJ's 2018 decision credited Cristian on the issue of loss of wage-earning capacity but did not resolve SLU which, by distinction, was resolved in the WCLJ's and the Board's 2020 decisions. Accordingly, the Board was not precluded from crediting Nipper's opinion and finding no increase in SLU.
Lynch, Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.