Matter of Marcellino v National Grid (2023 NY Slip Op 00899)

Matter of Marcellino v National Grid

2023 NY Slip Op 00899

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534614
[*1]In the Matter of the Claim of Joseph Marcellino, Appellant,
v
National Grid et al., Respondents, Workers' Compensation Board, Respondent.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Law Office of Heather N. Kaplan, PC, Port Jefferson Station (Tiana C. Rooney of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for National Grid and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed June 21, 2021, which ruled, among other things, that claimant did not sustain a permanent injury to his left elbow and was not entitled to a schedule loss of use award for his left elbow.
Claimant, a millwright mechanic, has an established claim for injuries to his back, neck, left thumb, left elbow and left hand (carpal tunnel syndrome) as a result of an accident on April 8, 2015. In 2016, claimant underwent surgery including for left wrist carpal tunnel syndrome release, left elbow ulnar nerve release and left thumb trigger finger release. In 2017, Dimitro Christoforou, claimant's treating orthopedic surgeon since the accident, testified, based upon an April 2017 permanency examination, that claimant had a 30% schedule loss of use (hereinafter SLU) of his left elbow, 25% SLU of his left wrist and 30% SLU of his left thumb. He was classified as having a permanent partial disability and found to be entitled to continuing wage loss benefits but, since he was working at pre-injury wages, no benefits were awarded.
In August 2020, claimant was examined by Peter Spohn, an orthopedic surgeon retained by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), who reviewed claimant's medical records and, finding no range of motion deficits, opined that he had a 0% SLU of his left hand, left wrist and left thumb. Christoforou, who last examined claimant for this accident in April 2017, thereafter testified that he stood by his 2017 permanency and SLU findings. Spohn was deposed and testified, consistent with his 2020 report, that claimant had no SLU of his left hand, left wrist or left thumb based upon normal range of motion findings during his August 2020 examination of claimant. Spohn further opined that claimant was entitled to a 15% SLU for his left hand carpal tunnel syndrome based upon the guidelines (see New York Workers' Compensation Guidelines for Determining Impairment § 3.5 at 25; § 10.3 at 56 [2018]). Spohn did not evaluate claimant's left elbow. A Workers' Compensation Law Judge (hereinafter WCLJ) found Spohn's medical opinion to be more credible and determined that claimant had a 15% SLU of his left wrist but no permanency to his left elbow or left thumb. On claimant's administrative appeal, the Workers' Compensation Board affirmed. Claimant appeals.
Claimant argues that the Board erred in finding that he had no permanent disability to his left elbow. "SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d 1413, 1414 [3d Dept 2022] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 15 [3] [a]-[v]; Matter of Fuller v NYC Tr. Auth., 202 AD3d 1189, 1190 [3d Dept 2022], lv denied 39 NY3d 903 [2022]). "[W]hether [*2]a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Davenport v District Attorney of Richmond County, 205 AD3d 1293, 1294 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Harmon v Office of Children & Family Servs., 206 AD3d 1214, 1215 [3d Dept 2022]). "The Board is vested with the discretion to resolve conflicting medical opinions" (Matter of Garland v New York City Dept. of Corr., 204 AD3d 1198, 1199 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]).
Claimant's challenge to the Board's finding of no SLU of his left elbow is based upon the erroneous supposition that, because he offered the only medical opinion on that issue from Christoforou, his treating orthopedist, the Board was required to credit it. To the contrary, "this Court consistently has held that though the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where no opposing medical proof is presented" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [3d Dept 2014] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1238 [3d Dept 2019]). The Board expressly discredited Christoforou's opinion that claimant had a 30% SLU of his left elbow, based upon the fact that Christoforou's 2016 examinations of claimant had found minimal range of motion deficits to the elbow that would not generate an SLU (see New York Workers' Compensation Guidelines for Determining Impairment § 4.4 at 27 [2018]). Further, although Christoforou's 2017 permanency examination found increased range of motion deficits, the Board was unpersuaded by his proffered explanations for that discrepancy, including that the measurements during the permanency examination were more precise in that he used a goniometer. Accordingly, although Spohn did not evaluate claimant's left elbow for SLU or offer a contrary opinion on that issue, the Board was entitled to resolve the discrepancy raised by Christoforou's 2017 and 2020 permanency opinions that claimant had a left elbow SLU, based upon his 2016 findings that did not support an SLU (see Matter of Davenport v District Attorney of Richmond County, 205 AD3d at 1294; Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d at 1186). As such, we discern no basis upon which to disturb the Board's factual finding that there was insufficient medical evidence to support an SLU for claimant's left elbow.
Likewise unavailing is claimant's challenge to the Board's finding of no SLU of the left thumb. The Board found not credible Christoforou's 30% SLU finding as to claimant's left thumb, noting that he did not measure range of motion to the thumb when he last examined [*3]claimant in 2017 and that, in 2016, he had found no defects, triggering or deficits in range of motion to the left thumb post surgery. Substantial evidence supports the Board's determination to credit Spohn's opinion of no SLU of the left thumb, which was based upon a more recent 2020 examination that found normal range of motion (see Matter of Davenport v District Attorney of Richmond County, 205 AD3d at 1295; Matter of Garland v New York City Dept. of Corr., 204 AD3d at 1199). In view of the foregoing, the Board's findings will not be disturbed.
Lynch, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.