Matter of Villagil v Sauce Pizzeria III, LLC (2023 NY Slip Op 06426)

Matter of Villagil v Sauce Pizzeria III, LLC

2023 NY Slip Op 06426

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

CV-23-0056
[*1]In the Matter of the Claim of Daniel Villagil, Appellant,
v
Sauce Pizzeria III, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Ugalde & Rzonca, LLP, Rego Park (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Law Offices of Paul M. Holstein, New York City (Anna Dmitriev Widger of counsel), for Sauce Pizzeria III, LLC and another, respondents.

Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 5, 2022, which ruled, among other things, that claimant was not entitled to a schedule loss of use award, and (2) from a decision of said Board, filed February 22, 2023, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a cook, has an established claim for workers' compensation benefits stemming from injuries sustained to his lower back and lower left leg when a pot of boiling water fell on him at work in October 2019. In September 2021, claimant's treating physician concluded that claimant had reached maximum medical improvement and suffered a permanent impairment, as a result of which claimant was entitled to a 20% schedule loss of use (hereinafter SLU) award with respect to his left leg. The employer and its workers' compensation carrier objected to the proposed conciliation decision that would have implemented such award, contending that the scars sustained by claimant could not form the basis for an SLU award. The matter proceeded to a hearing in May 2022, at the conclusion of which a Workers' Compensation Law Judge, among other things, declined to make such an award, noting that the report filed by claimant's treating physician did not provide any explanation as to the manner in which the percentage loss of use was calculated, nor did it document any permanent physical or functional impairments to support an SLU award. Upon administrative review, the Workers' Compensation Board affirmed finding, among other things, no credible medical evidence of permanency or functional impairment. Claimant's subsequent application for reconsideration and/or full Board review was denied, prompting these appeals.
We affirm. An SLU award is designed to compensate an injured worker "for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Marcellino v National Grid, 213 AD3d 1094, 1095 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Fiato v New York State Dept. of Transp., 195 AD3d 1251, 1252-1253 [3d Dept 2021], lv denied 37 NY3d 917 [2022]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d 1193, 1194 [3d Dept 2022]). As to the proof adduced, "this Court consistently has held that though the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where no opposing medical proof is presented" (Matter of Marcellino v National Grid, 213 AD3d at 1095 [[*2]internal quotation marks and citations omitted]; see Matter of Glowczynski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1238 [3d Dept 2019]).
Although the parties debate whether claimant's injuries are amenable to an SLU award in the first instance, this issue need not detain us. Simply put, the Board denied claimant's requested award based upon the lack of credible medical proof to support it. As both the Workers' Compensation Law Judge and the Board observed, claimant's treating physician provided no explanation as to how he arrived at the 20% SLU figure, nor did he document any permanent physical or functional impairments to support such an award. In this regard, although the physician's report reflects that he performed a "physical exam [of claimant] using a goniometer recording the best of 3-attempts for each range of motion," the report is silent as to the results of that test. Additionally, even assuming, without deciding, that the permanent physical or functional impairments required to sustain an SLU award indeed could manifest as something other than a loss of range of motion, the fact remains that the subject report makes no mention of any such impairments. At best, the report rendered by claimant's treating physician establishes that claimant has some residual scarring on his left calf that, in turn, has resulted in "decreased sensation to light touch in this area." Given the conclusory nature of the underlying report and the corresponding lack of credible medical evidence, the Board properly concluded that claimant was not entitled to an SLU award.
Claimant's remaining contention — that the Board erred in denying his application for reconsideration and/or full Board review — is equally unpersuasive. "To succeed on an application for reconsideration and/or full Board review, the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Osorio v TVI Inc., 193 AD3d 1219, 1222 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord Matter of Grinnage v New York City Tr. Auth., 210 AD3d 1251, 1255-1256 [3d Dept 2022]). As claimant failed to satisfy any of those criteria here, we find no basis upon which to conclude that the Board abused its discretion in denying claimant's application. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Fisher, McShan and Powers, JJ., concur.
ORDERED that the decisions are affirmed, with costs.