Matter of Linane v Gristede's Food Inc. (2024 NY Slip Op 04851)

Matter of Linane v Gristede's Food Inc.

2024 NY Slip Op 04851

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

CV-23-0097
[*1]In the Matter of the Claim of Michael Linane, Claimant,
v
Gristede's Food Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

O'Connell Zavelo LLC, Elizaville (Anne O'Connell Zavelo of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 21, 2022, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a, and (2) from a decision of said Board, filed March 15, 2023, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
In July 2019, claimant applied for workers' compensation benefits alleging work-related injuries, and his claim was established for the exacerbation of prior injuries to his neck and back.[FN1] At a January 2022 permanency hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) alleged that claimant had violated Workers' Compensation Law § 114-a by misrepresenting his physical abilities and produced surveillance videos taken of claimant between April 6, 2021 and October 12, 2021. The Workers' Compensation Law Judge (hereinafter WCLJ) precluded the surveillance videos taken prior to June 28, 2021, finding that the carrier had failed to timely disclose the videos' existence. After reviewing the remaining videos and the hearing testimony, the WCLJ concluded that claimant had not violated Workers' Compensation Law § 114-a. Finding that the issues of permanency and apportionment remained outstanding, the WCLJ continued benefits at a tentative rate without prejudice pursuant to Workers' Compensation Law § 25 (1) (f). Upon review, the Workers' Compensation Board modified the WCLJ's decision, finding that the carrier had properly disclosed the surveillance videos taken prior to June 28. Taking that evidence into consideration, the Board nonetheless agreed with the WCLJ's finding that claimant had not violated Workers' Compensation Law § 114-a and affirmed the awarding of benefits at the tentative rate. The carrier's subsequent application for reconsideration and/or full Board review was denied, and the carrier appeals from both decisions.
"Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; accord Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Nappi v Verizon N.Y., 205 AD3d at [*2]1182). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Yolas v New York City Tr. Auth., 224 AD3d 1112, 1113 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Arena v Upstate Niagara Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022]).
Claimant testified that he is able to take out the garbage, grocery shop with his spouse, drive his children to and from the school bus stop, swim to a certain extent, remove snow when necessary and perform routine home maintenance projects, but he does not lift anything over 20 pounds. Claimant's treating physician, John Reilly, though unaware of claimant's specific daily activities, testified that claimant was generally capable of driving, grocery shopping, raking leaves, walking, swimming, using a stationary bicycle, lifting up to 10 pounds frequently and lifting up to 20 pounds occasionally. Reilly further opined that claimant was incapacitated from performing his job duties as a butcher but could do sedentary work. Sean Lager, an orthopedic surgeon who examined claimant on behalf of the carrier, testified that claimant advised him that his only restriction regarding daily activities was that he could not lift anything heavy. Lager opined that claimant had a 75% marked disability and that he was capable of sedentary work with lifting restrictions of five pounds.[FN2] Christopher Smith, another orthopedic surgeon who examined claimant on behalf of the carrier, did not testify, but, in his written report, he concluded that claimant had reached maximum medical improvement and had a temporary moderate partial disability of 50%. According to Smith, claimant was capable of light work exerting up to 10 pounds of force frequently and 20 pounds of force occasionally and that he could engage in occasional sitting, standing, walking, reaching overhead and reaching at or below shoulder level.
The carrier also proffered video surveillance evidence taken of claimant over a seven-month period. As noted by the Board, the majority of the videos depict claimant either driving or sitting in his vehicle and lifting seemingly small and light items in and out of the vehicle. There are also videos of claimant performing certain tasks in his backyard, but the nature and extent of that activity is difficult to assess as claimant is obscured by a tall fence, with only his head and shoulders visible. On one occasion, claimant was recorded at a home improvement store slowly loading four bags of soil into the back of his vehicle, during which he pauses to grab his shoulder. When he arrived home, another individual helped him unload those bags from his vehicle. Although the weight of the bags is unclear from the video, the investigator who recorded the videos testified that bags of soil generally weigh about 40 pounds, but he admittedly did not lift [*3]the bags or observe what the bags weighed.
After reviewing the video evidence and the hearing testimony, the Board credited the testimony of claimant and Reilly and concluded that the carrier had not demonstrated that claimant had made a material misrepresentation regarding his physical abilities. The Board found that claimant's backyard activities depicted in the videos, to the extent they were observable due to the fence, were consistent with the physical abilities testified to by claimant and Reilly. Although the Board noted that the lifting of the soil bags was more strenuous in nature, it found that this activity was not so inconsistent with the hearing testimony regarding claimant's limitations so as to constitute a material misrepresentation by claimant. Further, although claimant may have downplayed his abilities on an intake sheet provided by Smith, the Board's determination that the proof in the record does not establish that claimant deliberately misrepresented material facts in order to obtain benefits is supported by substantial evidence and will not be disturbed (see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267-1268 [3d Dept 2019]; Matter of Rosario v Consolidated Edison Co. of N.Y. Inc., 174 AD3d 1186, 1188-1189 [3d Dept 2019]; compare Matter of Gramza v Buffalo Bd. of Educ., 125 AD3d 1074, 1075-1077 [3d Dept 2015]).
The carrier's argument that the Board erred in denying its application for reconsideration and/or full Board review is similarly unpersuasive. To succeed on such an application, "the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1155-1156 [3d Dept 2023] [internal quotation marks and citations omitted]). The carrier failed to make any such showing here, and we therefore discern no basis upon which to conclude that the Board's denial of the application was arbitrary and capricious or otherwise an abuse of discretion. The carrier's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Claimant had previously established workers' compensation claims for injuries to his neck in 2014 and 2017 and to his back in 2012.

Footnote 2: It does not appear that either Reilly or Lager viewed any of the surveillance videos prior to testifying.