Matter of James v Premier Home Health Care (2024 NY Slip Op 05616)

Matter of James v Premier Home Health Care

2024 NY Slip Op 05616

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1674
[*1]In the Matter of the Claim of Juana James, Appellant,
v
Premier Home Health Care et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Ugalde & Rzonca, LLP, Rego Park (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Bedoya & Hussain Law Firm, LLC, New York City (Usra S. Hussain of counsel), for Premier Home Health Care and another, respondents.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 7, 2023, which ruled that claimant was not entitled to a schedule loss of use award, and (2) from a decision of said Board, filed November 17, 2023, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a home health aide, has an established claim for an injury to her left shoulder as a result of a workplace accident that occurred while lifting a patient on March 22, 2021. An MRI ruled out a rotator cuff tear, and claimant was diagnosed with left shoulder strain, bursitis, impingement and calcific tendonitis. No surgery was required, and claimant declined recommended injection therapy. Claimant received workers' compensation benefits for causally-related lost time, initially at a temporary total disability rate, reduced as of October 14, 2021 to a temporary moderate/partial disability rate. Benefits were suspended effective May 20, 2022 based upon the conclusions of Donald Heitman, claimant's treating orthopedist, and orthopedist Robert Pae, who performed a medical exam on behalf of the employer's workers' compensation carrier, who found that she had reached maximum medical improvement. Heitman conducted a permanency evaluation in May 2022, finding that claimant had a 30% schedule loss of use (hereinafter SLU) of her left shoulder based upon her range of motion, as he later testified. Pae examined claimant multiple times and conducted a permanency evaluation in January 2023, using a goniometer to measure claimant's range of motion three times. Pae found, as he later testified, that claimant had intentionally manipulated the exam and engaged in symptom magnification. This conclusion was based upon, among other factors, the widely varying and inconsistent range of motion deficits presented in the exam, with a differential exceeding 40-50% when no more than a 10% differential is expected; further, deficits were exhibited bilaterally although there was no injury to her right shoulder to explain deficits to that extremity. As a result, Pae concluded that the deficits were not reflective of claimant's actual condition, the range of motion measurements were of questionable validity and claimant's left shoulder SLU was "likely" somewhere between 0% and the 30% calculated by Heitman.
Following the submission of medical reports and the deposition testimony on the issue of permanency, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a 0% SLU of her left shoulder, based upon the lack of persuasive medical records and range of motion findings. The Workers' Compensation Board affirmed. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from both Board decisions.[FN1]
We affirm. As relevant here, "[w]here a claimant has sustained a permanent partial disability [to certain body parts], an SLU award may be warranted" (Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1278 [*2][3d Dept 2023]; see Workers' Compensation Law § 15 [3]; see also Matter of Johnson v City of New York, 38 NY3d 431, 439-440 [2022]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determinations in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Schuette v Consolidated Edison Co. of N.Y., 225 AD3d 1064, 1067 [3d Dept 2024] [internal quotation marks and citations omitted]). "SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Marcellino v National Grid, 213 AD3d 1094, 1095 [3d Dept 2023] [internal quotation marks and citations omitted]).
In finding that claimant had no permanent impairment to her shoulder supporting an SLU, the Board adopted the WCLJ's finding and conclusions that the medical records, including the clinical and orthopedic exams and range of motion measurements, did not support an SLU award. As the Board noted, Heitman did not comply with the measuring criteria in the 2018 Workers' Compensation Guidelines for Determining Impairment, in that he did not record the use of a goniometer, did not take the highest value measured but rather used an average and did not record or compare results from the contralateral side (see New York Workers' Compensation Guidelines for Determining Impairment §§ 5.1-5.5 at 29-32 [2018]). The Board, like the WCLJ, credited the opinion of Pae that claimant had manipulated the range of motion measurements, presenting inconsistent and irreconcilable capabilities and equal results bilaterally despite the lack of reported injury or condition on her right side. Importantly, "the Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage to be assigned to a specific injury, and, to that end, the Board is free to accept or reject portions of a medical expert's opinion" (Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d 1193, 1194-1195 [3d Dept 2022] [internal quotation marks and citations omitted]). With regard to the opinion of Pae that it was "possible" that claimant sustained an SLU of 30% based upon Heitman's examination, the Board rationally found that, in essence, this opinion "was premised on anything being possible." The Board was entitled to discount Heitman's SLU opinion, given the deficiencies in his methods and recorded findings, and to credit the finding that claimant manipulated the range of motion measurements and, as a result, an accurate SLU finding could not be made; consequently, the medical evidence failed to support an SLU award. Given that the Board's finding that claimant did not demonstrate entitlement to an SLU is based upon substantial evidence in the record, it will not be disturbed (see Matter of Schuette v Consolidated Edison [*3]Co. of N.Y., 225 AD3d at 1067).
Egan Jr., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Although claimant filed a notice of appeal from the Board's decision denying reconsideration and/or full Board review, she failed to raise any substantive arguments in her brief regarding that decision and has thus abandoned any claims in that regard (see Matter of Deliso v New York City Tr. Auth., 225 AD3d 1010, 1013 [3d Dept 2024]).