Matter of Vujeva v Dairy Conveyor Corp. (2025 NY Slip Op 02378)

Matter of Vujeva v Dairy Conveyor Corp.

2025 NY Slip Op 02378

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-1672
[*1]In the Matter of the Claim of Jozo Vujeva, Appellant,
v
Dairy Conveyor Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Dairy Conveyor Corp. and others, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 31, 2023, which ruled that claimant was entitled to a 34.5% schedule loss of use of the right shoulder and a 27% schedule loss of use of the left shoulder.
In March 2021, claimant suffered injury to his shoulders while working as a mechanic in a dairy building. His claim for workers' compensation benefits was later established for injuries to both shoulders. In March 2022, claimant was evaluated for permanency by his attending orthopedic physician, who concluded that claimant had sustained tears to both shoulders, reached maximum medical improvement (hereinafter MMI) and suffered a permanent impairment. Based upon his range of motion (hereinafter ROM) measurements, claimant's physician concluded that claimant was entitled to a 40% schedule loss of use (hereinafter SLU) award of the right arm and a 30% SLU award of the left arm. In July 2022, claimant was examined by the carrier's orthopedic consultant, who also opined that claimant's injuries to his shoulders had reached MMI. Based upon the ROM measurements taken, the consultant found that claimant had sustained a 34.5% SLU of the right arm and a 27% SLU of the left arm. Following deposition testimony from the two physicians and a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) rejected the SLU findings of claimant's physician because he did not indicate how many times he took ROM measurements and did not state whether he used a goniometer. Crediting the findings of the carrier's consultant, the WCLJ found that claimant sustained a 34.5% SLU of the right shoulder and a 27% SLU of the left shoulder. Upon administrative appeal, the Workers' Compensation Board affirmed. Claimant appeals.
We affirm. "Where a claimant has sustained a permanent partial disability [to certain body parts], an SLU award may be warranted" (Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1278 [3d Dept 2023] [citations omitted]; see Workers' Compensation Law § 15 [3]; Matter of Marcellino v National Grid, 213 AD3d 1094, 1095 [3d Dept 2023]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve, and the Board's determinations in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Schuette v Consolidated Edison Co. of N.Y., 225 AD3d 1064, 1067 [3d Dept 2024] [internal quotation marks and citations omitted]). "Although the Board cannot substitute its opinion in place of an uncontroverted medical opinion that is supported by evidence in the record, it is equally clear that the Board is not bound to accept the opinion of any expert and may reject an expert medical opinion if it is incredible, speculative or lacks evidentiary support in the record — even if such opinion/evidence is the only proof offered on a particular issue" (Matter of Johnston v Howmet Aerospace Inc., 234 AD3d 1220, 1222 [3d Dept 2025] [internal [*2]quotation marks, ellipsis and citations omitted]).
The 2018 Workers' Compensation Guidelines for Determining Impairment (hereinafter the 2018 guidelines) apply here. Section 5.4 of the 2018 guidelines instructs that, "[t]o determine the overall [SLU] of the shoulder, first assess whether any special considerations apply" (New York Workers' Compensation Guidelines for Determining Impairment § 5.4 at 30 [2018]). If none do, "where deficits are present in abduction and flexion see table [5.4 (a)] and use whichever deficit is higher"; "the overall deficit, when combined, cannot exceed the value of ankylosis" (New York Workers' Compensation Guidelines for Determining Impairment § 5.4 at 30 [2018]; see generally Matter of Blue v New York State Off. of Children & Family Servs., 206 AD3d 1126, 1129 [3d Dept 2022]).[FN1]
When measuring a claimant's deficits for purposes of making SLU findings, the 2018 guidelines provide that, "[i]n order to prepare a report on permanent impairment, the medical provider should . . . perform a thorough physical examination[, and,] . . . [t]o measure active range of motion (ROM), medical providers should generally utilize a goniometer" (New York Workers' Compensation Guidelines for Determining Impairment § 1.3 at 7 [2018]). Additionally, "[i]n order to measure the maximum range of active motion, three repeat measurements should be taken" (New York Workers' Compensation Guidelines for Determining Impairment § 1.3 at 7 [2018]). After obtaining ROM measurements "us[ing] a goniometer," "[a]ll three consecutive [ROM] measurements must be reported" and "must be documented" (New York Workers' Compensation Board, Impairment Guidelines, SLU Frequently Asked Questions, Range of Motion, at Nos. 1-2, 4, available at 
https://www.wcb.ny.gov/content/main/hcpp/ImpairmentGuidelines/SLU-FAQs.jsp [last accessed Apr. 21, 2025]; see also New York Workers' Compensation Guidelines for Determining Impairment § 1.3 at 7 [2018]). The Board further advises that "an SLU report that fails to provide relevant ROM findings consistent with the . . . [2018 guidelines] may be considered to have little or no evidentiary value"; similarly, "[a]n opinion with respect to SLU percentage should be supported by objective findings consistent with the [g]uidelines," and "[a]n opinion that is not supported by objective clinical findings consistent with the [2018 g]uidelines may be considered to have little or no evidentiary value" (New York Workers' Compensation Board, Impairment Guidelines, SLU Frequently Asked Questions, Accuracy and Completeness of Submitted Information, at Nos. 1-2, available at 
https://www.wcb.ny.gov/content/main/hcpp/ImpairmentGuidelines/SLU-FAQs.jsp [last accessed Apr. 21, 2025]).
Guided by the foregoing principles, the Board, like the WCLJ, rejected the report submitted by claimant's physician, and the SLU percentages contained therein, because that report did not indicate that he used a goniometer or took and recorded "three repeat ROM measurements [*3]in order 'to measure the maximum range of active motion' as the 2018 guidelines instruct the examiner to do when assessing an SLU" (Matter of Amato v Patchogue Supermarkets LLC, 232 AD3d 970, 973 [3d Dept 2024], quoting New York Workers' Compensation Guidelines for Determining Impairment § 1.3 at 7 [2018]). Given that failure to "comply with the measuring criteria in the 2018 [guidelines]" (Matter of James v Premier Home Health Care, 232 AD3d 1017, 1019 [3d Dept 2024]), it was not improper for the Board to do so (see Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1155 [3d Dept 2023]; New York Workers' Compensation Guidelines for Determining Impairment §§ 1.3, 5.1-5.5 at 6-7, 29-32 [2018]; see also Matter of Amato v Patchogue Supermarkets LLC, 232 AD3d at 973). In contrast, the report of the carrier's consultant reflects that, for each shoulder, three ROM measurements were assessed using a goniometer for forward flexion, abduction, external rotation, internal rotation, adduction and extension and that, based upon those ROM measurements, claimant had sustained a 34.5% SLU of the right arm and a 27% SLU of the left arm. In view of the foregoing, the Board's determination is supported by substantial evidence, as it was entitled to discount the SLU opinion of claimant's physician given the deficiencies in his methods and recorded findings and to credit the findings of the carrier's consultant. Claimant's remaining contentions, to the extent not expressly addressed herein, have either been rendered academic by our conclusion or considered and found to be without merit.
Clark, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Section 5.5 of the 2018 guidelines also provides special considerations that provide enumerated SLU values, and "[o]ther deficits may be added when specified or when no schedule value is provided" (Matter of Garrow v Lowe's Home Ctrs. Inc., 227 AD3d 1242, 1244 n 3 [3d Dept 2024] [internal quotation marks and citation omitted]). The parties agree that no special considerations apply or are at issue here.